(119 App. Div. 12)

## DAMJANOVIC v. HERRING-HALL-MARVIN SAFE CO.

(Supreme Court, Appellate Division, Second Department.    April 19, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE OF MASTER—DE-
FECTIVE APPLIANCES.

In an action by a servant to recover for personal injuries, held, that defendant was not negligent in failing to provide proper appliances.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 199, 203.]

Appeal from Trial Term.

Action by Milan Damjanovic against the Herring-Hall-Marvin Safe Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial on the minutes, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

George Gordon Battle, for appellant.
Robert Goeller, for respondent.

WOODWARD, J.   The complaint alleges negligence on the part of the defendant, both at common law and under the employer's liability act, and the case went to the jury upon this theory.   The facts which must be deemed to have been found by the jury are as follows: The plaintiff was employed by the defendant, a manufacturer of safes, and on the 2d day of July, 1902, the defendant's foreman directed the plaintiff, a machinist and helper of many years' experience, to repair a certain belt with wire furnished him by the defendant.   The principal controversy is over the character of this wire.   On the part of the defendant it was contended that the wire was of the same kind as that which had been in use, and with which the plaintiff was familiar, for many years, and that it was the same kind of wire, purchased from reputable dealers, which the plaintiff had actually used for a period of several weeks.   The plaintiff contends, and the jury has found, as we will assume, that the wire furnished the plaintiff to perform this particular work was a hard copper wire, a little less than one-sixteenth of an inch in thickness, while that previously in use was of about the same dimensions, but a soft, ductile wire.   The negligence alleged is that this hard wire was brittle and liable to break.   Indeed, it is in evidence that the plaintiff had been using the same kind of wire for this same work for several days, and that he had complained to the foreman or superintendent that the wire was brittle, and broke often, and the fore-

man or superintendent had said to him that it was all right, and it is claimed that this incidental remark, in reference to this wire, constituted negligence on the part of one intrusted with superintendence. While the plaintiff, with a fellow servant, was engaged in sewing the belt with this hard copper wire, he pulled the same, as he claims, with his hand, and in doing so the wire broke, and the broken end of the same flew back and struck the plaintiff in the eye, practically destroying the sight. This is the entire foundation on which the plaintiff has secured a verdict of the jury in his favor.

Is it the law of this state that a master is called upon to warn a competent machinist of years of experience that a piece of wire given him to sew a belt in a factory, such work being within the scope of his employment, is liable to recoil and injure him if it breaks? Is it the law that a master is bound to anticipate the result which has followed in this case, and to warn such a man of the danger? The plaintiff knew the character of the wire he was using. It is not claimed that he mentioned the character of the wire to his foreman because he had any doubts or fears of personal injury from its use, but merely because he thought it would be better for the purposes of his employers if they made use of a wire which was not so likely to break in operation. The testimony indicates, and it is conceded by the respondent, that this was the only purpose in mentioning the matter. The belts broke so often while this wire was in use that it took all of the plaintiff's time to repair the belts and interfered with his other work, and he complained of the wire because of this fact, and the foreman assured him that it was all right, and the claim is made that this assurance justified the plaintiff in assuming that the wire was not a dangerous implement given him for use, and that, the accident having resulted, he is entitled to hold the defendant liable for the damages.

We know of no case of controlling authority where it has been held that a master who has furnished a simple implement, all of the qualities of which were equally known to the employé, was liable for damages resulting from the use of such an implement in the ordinary vocation of such employé. The plaintiff knew that the wire was brittle, he had complained of it, because it broke when in use and took up so much of his time in fixing belts, and he testifies that while using the same wire for sewing belts it had previously broken and struck him on the shoulder or other parts, and yet, without making any complaint upon this score, and with better opportunities for knowing the danger from the recoil than would naturally come to the master, or even to the foreman, he urges that the master was negligent in furnishing this particular kind of wire. It is to be noted that the accident did not result from the use of the wire as a belt fastening. The belt did not break by reason of this wire and result in injury to the plaintiff, but in one of the simplest and most ordinary uses to which a wire could be put, and in the hands of an experienced workman, the wire, under strain, broke and recoiled, striking the plaintiff in the eye. Where is the negligence on the part of the master? Was it within reason that the master, who had concededly bought this wire of reputable dealers, should have anticipated this accident, and was it his duty to warn a man of long experience in this general character of work of this danger?

The simple asking of this question ought to suggest its answer, and we do not deem it important to cite authorities in support of the proposition that this is not actionable negligence on the part of the master. If the wire was exactly what the plaintiff says it was, and if the master was bound to know the exact character of the wire which had been purchased from reputable dealers for this very purpose, is it within the rules of reasonable care to say that the master should have looked forward to the use of this wire in sewing the ends of a belt together, and anticipate that it would break and that the recoiling end would fly back into the eye of the man who was making this ordinary use of the wire? Obviously not. Then there could be no neglect of any duty which the master owed to the plaintiff, and he is not entitled to recover in this action.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.