## COOPER v. JORDAN.

(Supreme Court, Appellate Division, Second Department. December, 3, 1909.)

MASTER AND SERVANT (§ 124*)—INJURY TO SERVANT—SAFE APPLIANCES—IN-SPECTION.

Plaintiff, an experienced frazer, cannot recover of his employer for injuries from a knot in the wood being used, on the ground that unsafe material was furnished him, where he knew of the presence of the knot before the accident, and an inspection by defendant would not have put plaintiff in possession of any fact he did not already know.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242; Dec. Dig. § 124.*]

Appeal from Municipal Court of New York.

Action for personal injury by Samuel Cooper against Edward Jordan. From a judgment for plaintiff, and from an order denying his motion for a new trial made on the minutes, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

James F. Brady, for appellant.
Goetz & Goetz, for respondent.

RICH, J. The plaintiff is an experienced frazer, and at the time of the accident had been in the defendant's employ some five months, during which time his work had consisted in frazing canes and umbrella handles. The machine upon which he worked is described as a convex steel disk, fastened in the center to a steel shaft; the disk revolving with the shaft. In the outward surface of the disk ridges or teeth were cut, against which the operator held the cane or handle to be frazed; the teeth smoothing it. Upon such a machine, and in this kind of work, the plaintiff had been employed between five and six months. He had been a frazer, and worked on a similar machine, before entering defendant's employ, but had worked on celluloid. He was directed in his work by defendant's foreman, to the extent only as to when he should work on canes and when on umbrella handles. On the morning of the day of the accident the foreman said to him: "Cooper, take them dogwood canes, and fraze them." The plaintiff accordingly took a bundle of dogwood canes and commenced work on them. He had worked for about two hours, when a knot came in contact with the teeth of the disk in such a manner as to throw the plaintiff's hand against the disk, resulting in a minor injury.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There was no evidence given upon the trial that the machinery or its appliances were defective, unsafe, or unsuitable, and the Municipal Court justice eliminated such questions from the consideration of the jury, submitting to them the question whether or not the defendant's foreman, acting as his alter ego, furnished the plaintiff with safe and suitable materials. The jury resolved the questions of fact in favor of the plaintiff. There is no evidence in the case tending to show that the presence of a knot in a cane, when it came into the hands of the frazer for finishing, presented any element of danger. They had never been inspected before being frazed, either by the foreman or the plaintiff, and there is no proof of any similar accident having happened. The foreman testified that these knots were usually found in all of the canes and handles, and that no wood grown is free from knots. The plaintiff knew there was a knot in the cane he was finishing some little time before the accident happened, and an inspection by the foreman would have put the plaintiff in possession of no fact not known to him when he commenced work upon the particular cane. He had handled and worked upon many such canes and holders every day for five or six months before the accident. Although he says he had not noticed, prior to the day he was injured, any knots in the canes and handles he had worked upon, this does not negative the evidence of the foreman that such conditions existed. No complaint had been made to the defendant or his foreman of any danger to be apprehended from working on canes or handles having knots in them, and, if such danger was apparent to defendant or his foreman, it was equally apparent and obvious to the plaintiff, and the duty of inspection rested no more upon the one than upon the other.

It is urged that the plaintiff had no right to reject any handles or canes furnished him to be frazed. There is no such proof in the case, and as matter of law an employé owes no duty to his employer to use material which he has reason to apprehend may be dangerous. The plaintiff knew all the facts, and his experience necessarily covered the whole situation. He was not in an unusual place, engaged in an unusual business, or using material or machinery with which he was not familiar. Upon no other principle than that an employer is the absolute guarantor, and is liable for any injury which his employé may sustain in his service, can this judgment be sustained—a principle so extraordinary that its mere statement is all that is needed to condemn it. The plaintiff failed to establish a cause of action, and defendant's motion for a nonsuit, as well as that for a new trial, should have been granted. Damjanovic v. Herring-Hall-Marvin Safe Co., 119 App. Div. 12, 103 N. Y. Supp. 932; Olcott v. Passaic Steel Co., 122 App. Div. 90, 106 N. Y. Supp. 566; La Duke v. Hudson River Telephone Co., 124 App. Div. 106, 108 N. Y. Supp. 189; Gardner v. Schenectady Railway Co., 128 App. Div. 12, 112 N. Y. Supp. 369.

The judgment and order are reversed, and a new trial ordered; costs to abide the event. All concur.